# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED

JAN 11 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

| | |
|---|---|
| LONNIE WAYNE STEVENS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 10-055-RAW-KEW |
| JANE STANDIFIRD, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at John Lilley Correctional Center in Boley, Oklahoma, attacks his conviction in Muskogee County District Court Case Number CF-2006-504 for Rape by Instrumentation and Lewd Molestation.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a plea of *nolo contendere* on July 18, 2007. He did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals, so his conviction became final on July 28, 2007, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. His deadline for filing this habeas petition, therefore, was July 28, 2008, but the petition was not filed until February 18, 2010. Petitioner did not initiate his post-conviction proceedings until October 31, 2008, after expiration of the limitations period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner alleges in his response to the motion to dismiss that he believed he had one year after he completed his post-conviction proceedings in November 2009 to file a federal habeas corpus petition. He further asserts he pleaded *nolo contendere* "with the court's understanding that he is not guilty of the charges brought against him, but feels he cannot defend himself against the charges" [Docket #8 at 3-4].

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Further, "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)), *cert. denied*, 531 U.S. 1194 (2001). Here, the court finds that apart from petitioner's unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #6] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 11th day of January 2011.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**